STATE OF CONNECTICUT v. ROBERT SMITH

REVIEW DIVISION OF THE SUPERIOR COURT

Decided March 8, 1967

*Thomas F. Seymour,* of Bridgeport, for the defendant.

*John P. Ward,* assistant prosecuting attorney, for the state.[1]

BY THE DIVISION. The defendant, age eighteen years, appeared in court without counsel, his mother was appointed guardian ad litem, and he pleaded guilty to the charge of intoxication. On August 4, 1966, he was committed to the Connecticut reformatory for an indefinite term. The penalty for being found intoxicated is a fine of not more than $20 or imprisonment of not more than thirty days. Gen-

[1] The attorney for the state did not appear before the Review Division at the time of hearing but has filed a written waiver of the right to be heard upon defendant's application.

eral Statutes § 53-246. The Circuit Court may sentence offenders to the reformatory in any case where the maximum penalty for the offense committed does not exceed a fine of $1000 or imprisonment in the state prison for five years or both. General Statutes § 17-391. The effective commitment of the trial court was not more than two years, with a basic minimum of nine months on good behavior.

It appears that the defendant's condition was not due to alcohol but to sniffing glue. It also appears that defendant's health is poor and that his intelligence quotient is low. He admitted to the court that he had sniffed glue before. In 1965, he was convicted twice for breach of the peace and once for drunkenness.

The trial court was confronted with a problem, and the defendant was committed to the reformatory for his own welfare and safety. Glue sniffing is a vicious practice, and a boy who has a tendency to indulge needs parental or institutional care and supervision. At the present time, however, we have no statute dealing with glue sniffing, although we take judicial notice that such legislation is now pending before the General Assembly.

If the defendant had been beyond reformatory age, he could not have been confined for more than thirty days. We must conclude that the sentence was too severe on the basis of punishment for the crime charged.

It is ordered that the sentence imposed by the trial court be suspended as of March 10, 1967.

PALMER, HEALEY and BARBER, Js., participated in this decision.